**Ramandeep SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–71232.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 14, 2006.

Bart Klein, Esq., Law Offices of Bart Klein, Seattle, WA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Mark L. Gross, Esq., U.S. Department of Justice Civil Rights Division/Appellate Section, O. Benton Curtis, III, Dept of Justice, Washington, DC, for Respondent.

Before LEAVY, McKEOWN, and GOULD, Circuit Judges.

MEMORANDUM **

Ramandeep Singh, a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") order denying Singh's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") based on an adverse credibility determination. We have jurisdiction pursuant to 8 U.S.C. § 1252, and deny the petition for review.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

We review for substantial evidence an adverse credibility determination and will reverse only if the record compels a contrary conclusion. *Singh–Kaur v. INS,* 183 F.3d 1147, 1149–50 (9th Cir.1999).

Substantial evidence supports the adverse credibility determination because Singh's written declaration in support of his asylum application differed in material ways from his later asylum hearing testimony when his declaration omitted three arrests in which Indian police allegedly beat him. This omission goes to the "heart of [the] asylum claim" because the arrests form the core of Singh's asylum claim. *See Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004); *see also Alvarez–Santos v. INS,* 332 F.3d 1245, 1254 (9th Cir. 2003) (concluding that the omission of a dramatic and pivotal event from applicant's asylum application can serve as a basis for an adverse credibility determination). Accordingly, the record does not compel a finding that Singh was credible, and therefore the asylum claim fails. *See Singh–Kaur,* 183 F.3d at 1149–50.

Because the asylum claim fails, Singh's claim for withholding of removal, which requires a higher standard of proof, fails as well. *See Yeimane–Berhe v. Ashcroft,* 393 F.3d 907, 910 (9th Cir.2004).

Singh's request for protection under the CAT also fails because Singh relied upon the same statements that the IJ determined not to be credible. *See Farah v. Ashcroft,* 348 F.3d 1153, 1157 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**